OPINION OF THE COURT
 

 Bellacosa, J.
 

 The action is for wrongful death and conscious pain and suffering, but the appeal relates exclusively to whether there was any line of reasoning which could support the jury’s damage verdict for conscious pain and suffering. The Appellate Division affirmed the trial court’s order setting aside the pain and suffering award, with two Justices dissenting to uphold the jury verdict. We agree with the lower courts that plaintiff’s evidence here failed to meet the minimum legal threshold and affirm the order of the Appellate Division.
 

 On the night of January 24, 1988, decedent was killed in a single-car accident when she lost control of her car, causing it to veer off a county road, flip over and come to rest upside down in a pond of water adjacent to the roadway. The Onondaga County Medical Examiner determined drowning and hypothermia as the causes of death. Decedent’s estate representatives sued the County. Liability was asserted based on the County’s failure to provide adequate or proper design of the highway, adequate posting and lighting and maintenance of the roadway. The jury found the County negligent in failing to install a guardrail beside the road and determined that decedent was 50% at fault. The jury awarded decedent’s estate $63,700 for the wrongful death pecuniary loss and $400,000 for her pain and suffering. On the County’s motion to set aside the verdict, the trial court granted judgment notwithstanding the verdict and vacated the conscious pain and suffering award as a matter of law. The Appellate Division affirmed, stating that "[tjhere was no evidence presented by plaintiff at trial from which the jury could infer that decedent was conscious” (198 AD2d 875). We agree.
 

 Plaintiffs have the threshold burden of proving consciousness for at least some period of time following an accident in order to justify an award of damages for pain and suffering
 
 (see, Fiederlein v New York City Health & Hosps. Corp.,
 
 56 NY2d 573, 574-575;
 
 see also, McDougald v Garber,
 
 73 NY2d 246). The burden can be satisfied by direct or circumstantial
 
 *325
 
 evidence
 
 (see, Gonzalez v New York City Hous. Auth.,
 
 77 NY2d 663). However, "[m]ere conjecture, surmise or speculation is not enough to sustain a claim for [pain and suffering] damages”
 
 (Fiederlein v New York City Health & Hosps. Corp., supra,
 
 at 574). Without legally sufficient proof of consciousness following an accident, a claim for conscious pain and suffering must be dismissed
 
 (see, Blunt v Zinni,
 
 32 AD2d 882,
 
 affd
 
 27 NY2d 521).
 

 In this case, the record lacks evidence, circumstantial or otherwise, to demonstrate that decedent was conscious following the onset of her fatal accident. The undisputed evidence demonstrates that the decedent’s car was travelling over 45 m.p.h. when it spun out of control. The autopsy revealed a bruise on her scalp, which was consistent with a large dent found on the roof of the car. Although there was an eyewitness to the inception of the accident, no testimony emerged that the decedent cried out or made any noise in pain or in seeking aid following the accident. Police officers, who arrived at the scene within minutes after the rollover accident, testified that the decedent was found fastened in her operable seat belt, with the ignition keys still engaged in the "on” position. The officers observed no scratch marks or other manifestations inside the car, which would indicate any attempt by decedent to extricate herself after the accident. When decedent’s body was recovered from the car and water, approximately 10 minutes after the accident, she had no vital signs. Resuscitation was attempted, but she never regained consciousness. The testimony of the officers and eyewitness to the accident, as a matter of law, provides no direct or circumstantial basis for a jury to conclude rationally that decedent was conscious after the rollover of the vehicle. The little evidence present is to the contrary.
 

 The medical expert, plaintiff’s witness, also supplied inconclusive testimony on this key issue. On direct examination, the expert noted that decedent had sustained a bruise to her scalp. When asked whether decedent was conscious when she was immersed in the water, the doctor replied, "I can’t say.” He added that he could not tell from examining the body whether decedent was conscious when and after she and the vehicle entered the water.
 

 Based on this record, there is "mere conjecture, surmise or speculation” and simply no evidentiary basis from which a rational jury could have found that the decedent was con-
 

 
 *326
 
 scious following the accident
 
 (cf., Mirand v City of New York,
 
 84 NY2d 44, 48;
 
 see also, Cohen v Hallmark Cards,
 
 45 NY2d 493, 499). This indispensable ingredient to support and sustain a conscious pain and suffering verdict not having been supplied, this Court cannot say that the Appellate Division erred in upholding the trial court’s vacatur of the jury award on that cause of action.
 

 Gonzalez v New York City Hous. Auth.
 
 (77 NY2d 663,
 
 supra)
 
 is factually and procedurally distinguishable and does not control or aid in the disposition of this case. In that case, the Court found sufficient circumstantial evidence that decedent was conscious during a vicious attack, noting that if she was not awake, there would have been no likely reason for the murderer to have elaborately bound, gagged and injured her as he did.
 

 Plaintiff additionally urges in support of this appeal that we apply the doctrine of "presumption of continuance” as a substitute for the proof of decedent’s consciousness after the accident. This argument, assuming the theory were to be adopted in circumstances such as these, would turn on record evidence that the decedent was conscious and driving just before the onset of the accident
 
 (see,
 
 Richardson, Evidence § 74 ¡Prince 10th ed]). This rule provides that "[p]roof of the existence of * * * a condition * * * at a given time raises a presumption that it continued for as long as is usual with things of that nature”
 
 (id.).
 
 The real significance and thrust of this broadly general rule comes from its specific application and in the kinds of situations and circumstances where it might be allowed.
 

 In any event, in this case, the theory was not timely raised or advanced before the trial court, and thus is unpreserved for the Court’s review. We therefore reject the argument for lack of preservation. We note, however, that no implications are intended and no inferences should be drawn as to how this Court would resolve the merits, pros and cons, of a proposed extension and application of the so-called presumption of continuance into this conscious pain and suffering area of the law. That would have to be weighed carefully in an appropriate case, because availability and application of the rule would affect long-standing and delicate burdens of proof and major risk and damage policy allocations
 
 (compare, Noseworthy v City of New York,
 
 298 NY 76, 80).
 

 
 *327
 
 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.