█ GUILBERT CADIEUX, Individually and as Administrator of the Estate of LEONA CADIEUX, Deceased, Respondent, v D.B. INTERIORS, INC., Doing Business as CHANNEL 80, et al., Appellants, et al., Defendants. [624 NYS2d 582] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 12, 1994, which, in an action for wrongful death and conscious pain and suffering under the Dram Shop Act (General Obligations Law § 11-101), granted plaintiff's motion to renew a prior order, same court and Justice, entered May 10, 1994, granting defendants' motion for partial summary judgment dismissing plaintiff's claim for conscious pain and suffering, and, upon renewal, denied defendants' motion, unanimously affirmed, without costs.

The IAS Court properly exercised its discretion in granting renewal. Since defendants' showing was insufficient to demonstrate their entitlement to judgment, the burden never shifted to plaintiff to raise a triable issue of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324), and thus we need not, and do not, reach the issue of whether the opinion of plaintiff's expert had

an adequate basis in the record *(see, Matthews v New York City Health & Hosps. Corp.,* 200 AD2d 399, 400-401).

Defendants' argument that plaintiff has the burden of proving consciousness in seeking to recover for pain and suffering in a wrongful death case *(see, Cummins v County of Onondaga,* 84 NY2d 322, 324) confuses plaintiff's burden at trial with the burden of any movant to demonstrate entitlement to summary judgment. Significantly, *Cummins* was a decision rendered after trial *(see also, Delosovic v City of New York,* 143 Misc 2d 801, 812-813, *affd for reasons stated* 174 AD2d 407, *lv denied* 79 NY2d 751).

The police report submitted by defendants in order to demonstrate the time of the automobile accident that resulted in the death of plaintiff's decedent, and consequently that she could not have endured any conscious pain and suffering, was inadmissible hearsay. The officer was not a witness, the declarant was unidentified, and there was no indication as to how the time of the accident was ascertained *(see, Canty v New York City Health & Hosps. Corp.,* 158 AD2d 271, 272-273). In any event, there was an unaccounted for gap between the stated time of the accident and the arrival of the first Emergency Medical Service unit on the scene, which is critical in this type of case.

So too, while the medical reports detailed the decedent's traumatic chest and head injuries, and other evidence showed that she was already cyanotic upon the arrival of an emergency unit approximately five minutes after the stated time of the accident,there was no expert opinion submitted by defendants tending to show either the length of time that a person could remain conscious after sustaining such injuries or how long it would take for the onset of cyanosis.

Although the complaint did not specifically seek recovery for pre-impact fear, and thus defendants did not move to dismiss with respect to such claim, plaintiff's opposition and the reply papers before the IAS Court, as well as the appellate briefs, discuss the issue, and we therefore note that pre-impact fear is indeed a recognized basis for recovery *(see, Torelli v City of New York,* 176 AD2d 119, 123-124, *lv denied* 79 NY2d 754; *Martin v Reedy,* 194 AD2d 255, 259; *Shu-Tao Lin v McDonnell Douglas Corp.,* 742 F2d 45, 53), and that defendants' submissions on the issue were inconclusive as to whether the decedent saw the oncoming vehicle, and thus failed to demonstrate the absence of any material issues of fact. Concur—Ellerin, J. P., Kupferman, Ross, Asch and Tom, JJ.