■ ELAINE RUSIECKI, as Administratrix of the Estate of STEFANO MONDA, Deceased, and as Mother and Natural Guardian of JOSHUA T. RUSIECKI, an Infant, et al., Respondents, v HOFFMAN INVESTORS CORPORATION, Defendant, and S. SISKIND & SONS, Appellant. (And a Third-Party Action.) [635 NYS2d 581] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered April 11, 1995, which, *inter alia*, denied defendant-appellant's motion for summary judgment dismissing causes of action against it pursuant to Labor Law § 200 (1) and common-law negligence, and all claims for conscious pain and suffering, unanimously affirmed, with costs.

Plaintiff's decedent was critically injured when the wheels of a jack supporting a 6,000 pound fan chamber control box became caught in a depression in the concrete floor of defendant's warehouse, and the box fell on him. The IAS Court was correct in concluding that factual issues were presented as to whether defendant acted reasonably to maintain safe conditions in its premises, considering the likelihood of injury and the burden of avoiding the risk (*Basso v Miller*, 40 NY2d 233, 241). That decedent saw the depression before the accident does not warrant granting summary judgment to defendant, because decedent's negligence, if any, would not bar recovery, but would merely diminish the damages otherwise recoverable in proportion to defendant's culpable conduct (CPLR 1411). The same would be true under Labor Law § 200.

Defendant did not demonstrate that decedent was unconscious from the time of the accident until his death two days later; therefore the IAS Court's denial of summary judgment to defendant with respect to conscious pain and suffering was proper (*Cadieux v D.B. Interiors*, 214 AD2d 323). Whether the length of decedent's pre-impact fear was sufficient to warrant an award for pain and suffering also must await trial (*see, Shu-Tao Lin v McDonnell Douglas Corp.*, 742 F2d 45, 53). Concur—Ellerin, J. P., Rubin, Nardelli, Williams and Mazzarelli, JJ.