■ ALICE MASSEY, Individually and as Administratrix of the Estate of CELESTINA MASSEY, Deceased, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [646 NYS2d 105] —Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 27, 1995, which granted the

motion of defendant New York City Housing Authority (Authority) for partial summary judgment dismissing plaintiff's cause of action for conscious pain and suffering, unanimously reversed, on the law, without costs, the motion is denied, and the cause of action reinstated.

The tragic accident which precipitated this wrongful death action occurred in the Authority's Wagner Housing Project in East Harlem. Plaintiff's decedent, her 55-year-old daughter who was totally blind from the age of 11, stepped into the empty elevator shaft in the hallway outside her third-floor apartment and fell to her death. Decedent's body was discovered in the elevator pit approximately three hours later. Her guide dog, still alive, was there also. With respect to the wrongful death component of the claim, liability was not an issue on the motion.

The Authority's motion consisted of its attorney's affirmation with pleadings, the bill of particulars, the death certificate, and the oral deposition of plaintiff-administratrix, with reference by counsel to the absence of any evidence of cries or other sounds from the decedent indicating post-impact survival. In response, plaintiff submitted affidavits from two medical experts pointing to the massive, but non-fatal, injuries sustained by the decedent, opined to have been inflicted by abrasive traumatic contact with the sides of the shaft, which, with reasonable medical certainty, caused severe pain. Also militating against an instant death on final impact, according to one of these experts, was his diagnosis of the ultimate cause of death as a tear in the dural veins of decedent's brain, which bled slowly, causing death by steadily increasing pressure on the brain, confined as that organ is within the rigid cranial skull. Since this extravagation of blood is a slow process, a "substantial amount of pain and suffering" would result prior to death.

The Authority's reply consisted largely of further argumentation of counsel.

It was clearly error on this record for the IAS Court to grant summary dismissal. Concededly, plaintiff will have the ultimate burden of proof at trial on the issue of conscious pain and suffering (*Cummins v County of Onondaga*, 84 NY2d 322). Conversely, however, on summary judgment the defendant has the initial burden of showing that the decedent did not endure conscious pain and suffering (*Rusiecki v Hoffman Investors Corp.*, 222 AD2d 275; *Cadieux v D.B. Interiors*, 214 AD2d 323). In our view, the Authority did not satisfy that threshold burden here. In addition, the affidavits of plaintiff's experts, unrebut-

ted as they were, sufficed to raise a triable issue as to the presence and extent of conscious pain and suffering. Concur—Murphy, J. P., Wallach, Ross, Nardelli and Williams, JJ.