■ HENNY REISER, Plaintiff, and MAX REISER, Appellant, v KIM R. DABAH, Respondent. [732 NYS2d 877] —In an action to recover damages for personal injuries, etc., the plaintiff Max Reiser appeals from so much of a judgment of the Supreme Court, Kings County (Rappaport, J.), entered April 5, 2001, as dismissed his derivative cause of action to recover damages for loss of services.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly found that the respondent, the injured plaintiff's spouse, offered no evidence to support his derivative cause of action to recover damages for loss of services, and dismissed it. To establish a prima facie case for a cause of action to recover damages for loss of services, a spouse must offer evidence that the injured plaintiff can no longer provide the benefits of marriage, including "love, companionship, affection, society, sexual relations, solace and more" (*Millington v Southeastern El. Co.,* 22 NY2d 498, 502). Allowing a spouse

every favorable inference which could reasonably be drawn from the evidence, if no rational jury could find for him or her, the cause of action must be dismissed (*see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200). Here, the injured plaintiff's speculative and conclusory testimony as to the alleged loss of services suffered by the respondent, which was the only evidence offered on this issue, was insufficient to support his derivative claim. O'Brien, J. P., Altman, Friedmann and H. Miller, JJ., concur.