■ DONALD L. SCHILD, Appellant, v ANKRAH T. KINGSLEY et al., Defendants, and AARON E. WRIGHTON et al., Respondents. DONALD L. SCHILD, Respondent, v ANKRAH T. KINGSLEY et al., Defendants, and AARON E. WRIGHTON et al., Appellants. [773 NYS2d 20]—

Order, Supreme Court, Bronx County (Dianne Renwick, J.), entered April 10, 2003, which, to the extent appealed from, granted the motion of defendants Wrighton and Mendon Leasing for summary judgment dismissing the second cause of action and denied that motion with respect to dismissal of the first cause of action, unanimously affirmed, without costs.

Plaintiff's decedent was killed while crossing an intersection on foot. A truck, driven and owned by Wrighton and Mendon Leasing, respectively, was on one side of the street. A taxi, driven, leased and owned by the respective remaining defendants, drove past the truck and hit the decedent. There was competent evidence that the taxi driver may have revved his engine and may have blown his horn before impact, and that the truck driver heard the exclamation "Oh!" just before

impact. The decedent was thrown in the air, he struck scaffolding, fell to the ground, moved his arm, breathed visibly, and may have survived for up to 28 minutes after impact.

On a motion for summary judgment, defendants bear the initial burden of demonstrating that the decedent did not suffer conscious pain and suffering (*see Massey v New York City Hous. Auth.*, 230 AD2d 601, 602 [1996]). Summary dismissal of that claim was properly denied. On the other hand, the evidence showed that the decedent was an emancipated adult who did not provide pecuniary aid to any of his family, and that no survivor had a reasonable expectation of pecuniary loss resulting from his death. There is thus no basis for recovery on a claim for wrongful death (*see* EPTL 5-4.3 [a]; *Public Adm'r of Kings County v U.S. Fleet Leasing of N.Y.*, 159 AD2d 331 [1990]). Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Marlow, JJ.