■ KAI N. PHIRI et al., Respondents, v NATHAN D. JOSEPH et al., Appellants. [822 NYS2d 573]—

In an action, inter alia, to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Westchester County (Jamieson, J.), entered April 26, 2005, which denied their motion for summary judgment dismissing the plaintiffs' claims to recover damages for conscious pain and suffering and lost future earnings.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the claim to recover damages for conscious pain and suffering, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On a motion for summary judgment dismissing the plaintiffs' claim to recover damages for the decedent's conscious pain and suffering, the defendants bore the initial burden of showing that the decedent did not suffer conscious pain and suffering (see Schild v Kingsley, 5 AD3d 103, 104 [2004]; Massey v New York City Hous. Auth., 230 AD2d 601, 602 [1996]). The defendants satisfied this threshold burden and, in opposition, the plaintiffs failed to raise a triable issue of fact. An eyewitness to the subject accident testified that he did not see the decedent move or hear him make any sound immediately following the accident. Similarly, the defendant bus driver, Nathan D. Joseph, testified that the decedent did not move after the accident, and he did not know whether the decedent was breathing. The police report stated that the accident occurred at 4:35 P.M. and the decedent was pronounced dead at the scene at 4:50 P.M. There was no evidence that the decedent had any level of awareness following the accident. Thus, the plaintiffs are not entitled

to recover damages for conscious pain and suffering (*see Zurita v McGinnis,* 7 AD3d 618, 619 [2004]; *cf. Ramos v Shah,* 293 AD2d 459 [2002]). "Without legally sufficient proof of consciousness following an accident, a claim for conscious pain and suffering must be dismissed" (*Cummins v County of Onondaga,* 84 NY2d 322, 325 [1994]). Mere conjecture, surmise, or speculation is insufficient to sustain a claim to recover damages for conscious pain and suffering (*id.*).

Further, there was no evidence that the decedent experienced "preimpact terror" (*Anderson v Rowe,* 73 AD2d 1030, 1031 [1980]; *cf. Lang v Bouju,* 245 AD2d 1000, 1001 [1997]). Contrary to the determination of our dissenting colleagues, a finding that the decedent perceived grave injury or death, so as to justify making an award for "preimpact terror," would be based on mere speculation. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' claim to recover damages for conscious pain and suffering.

However, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the plaintiffs' claim to recover damages for lost future earnings (*see Majlinger v Cassino Contr. Corp.,* 25 AD3d 14 [2005], *affd* 6 NY3d 338 [2006]). Miller, J.P., Krausman and Rivera, JJ., concur.

Crane, J. (concurring in part and dissenting in part and voting to modify the order by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the claim to recover damages for conscious pain and suffering and substituting therefor a provision granting that branch of the defendants' motion which was to dismiss the claim to recover damages for all pain and suffering other than preimpact terror, and to otherwise affirm the order, with the following memorandum, in which Luciano, J., concurs). I agree with my colleagues that the defendants carried their prima facie burden on their motion to dismiss the claim to recover damages for decedent's conscious pain and suffering, except as to that portion of this claim as alleges pre-impact terror. The majority asserts that the plaintiffs have not been able to point to evidence from which an inference could reasonably be drawn that the decedent was aware of the bus bearing down on his vehicle and the imminence of a catastrophic collision. To the contrary, the defendants supported their motion with the transcript of the examination before trial of the bus operator, the defendant Nathan D. Joseph. Mr. Joseph testified that when he realized that the decedent's vehicle was entering the intersection he applied his brakes and sounded his horn continuously.

Without additional evidence that the decedent could not have heard the bus horn sounding or that it was activated simultaneously with the collision, I respectfully submit that the defendants did not overcome as a matter of law the natural inference that the decedent heard and saw the bus bearing down on his vehicle and knew he could not avoid death or serious injury (*see Lang v Bouju,* 245 AD2d 1000, 1001 [1997]; *Torelli v City of New York,* 176 AD2d 119, 123 [1991]; *Stein v Lebowitz-Pine View Hotel,* 111 AD2d 572, 573 [1985]; *cf. Anderson v Rowe,* 73 AD2d 1030, 1031 [1980]).

Certainly, I recognize that at a trial the burden of proving the pre-impact terror will be on the plaintiffs. The burdens, however, are switched on a defendant's motion for summary judgment. On such a motion, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Failure to meet this burden requires that the motion must be denied, regardless of the sufficiency of the opposition (*see Winegrad v New York Univ. Med. Ctr., supra*).

In view of *Majlinger v Cassino Contr. Corp.* (25 AD3d 14 [2005], *affd* 6 NY3d 338 [2006]), of course, concur with the majority that recovery for lost future earnings is not barred.