■ LUCILLE DOWNES et al., Respondents, v CITY OF MOUNT VERNON, Appellant. [875 NYS2d 220]—In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Westchester County (Liebowitz, J.), entered August 17, 2007, which, upon the denial of its motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, upon a jury verdict finding it 70% at fault in the happening of the accident and the plaintiff Lucille

Downes 30% at fault, upon a jury verdict on the issue of damages finding that the plaintiff Lucille Downes sustained damages in the principal sums of $149,000 for past pain and suffering, $139,000 for future pain and suffering, and $16,656.01 for past medical expenses, and that the plaintiff Ernest Downes sustained damages in the principal sum of $2,000 for loss of services, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages and for judgment as a matter of law or, alternatively, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiffs and against it in the principal sum of $214,659.21 (70% of $306,656.01).

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff Ernest Downes damages for loss of services in the total sum of $1,424.16; as so modified, the judgment is affirmed, without costs or disbursements.

For a court to determine that a jury verdict is not supported by legally sufficient evidence, the court must conclude that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Contrary to the defendant's contention, sufficient evidence was presented from which the jury could rationally conclude that the defendant's negligence was a proximate cause of the injured plaintiff's injuries (*see Lattimore v Falcone,* 35 AD2d 1069 [1970]; *cf. Rivera v Americo,* 9 AD3d 356, 356-357 [2004]).

The jury finding of damages sustained by the injured plaintiff in the sums of $149,000 for past pain and suffering and $139,000 for future pain and suffering were not excessive, as they did not deviate materially from what would be reasonable compensation (*see* CPLR 5501; *cf. Mofson v New York City Hous. Auth.,* 250 AD2d 741, 742 [1998]; *Irby v City of New York,* 184 AD2d 622, 622-623 [1992]).

However, the jury finding of damages sustained by the plaintiff Ernest Downes in the sum of $2,000 for loss of services was not supported by legally sufficient evidence (*see Cohen v Hallmark Cards,* 45 NY2d at 499). The injured plaintiff's speculative and conclusory testimony as to the alleged loss of services sustained by her husband, which was the only evidence offered on this issue, was insufficient to support the derivative claim (*see Reiser v Dabah,* 288 AD2d 285, 286 [2001]).

The defendant's remaining contentions are without merit. Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.