■ Joseph Segal et al., Respondents, v City of New York, Appellant, et al., Defendants. [887 NYS2d 624]—In an action to recover damages for wrongful death and personal injuries, etc., the defendant City of New York appeals from a judgment of the Supreme Court, Kings County (Solomon, J.), entered March 7, 2008, which, upon a jury verdict, and upon the denial of its motion, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law on the grounds, among other things, that it was not supported by legally sufficient evidence or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability, and to set aside, as excessive, the jury verdict on the issue of damages, is in favor of the

plaintiff Joseph Segal, as administrator of the estate of Hinda Esther Segal, and against it in the principal sum of $350,000 for the conscious pain and suffering of Hinda Esther Segal, in favor of the plaintiff Shifra Berger and against it in the principal sum of $250,000 for past loss of parental guidance, in favor of the plaintiff Shifra Berger and against it in the principal sum of $200,000 for future loss of parental guidance, in favor of the plaintiff Shifra Berger and against it in the principal sum of $1,500,000 for past emotional distress, in favor of the plaintiff Shifra Berger and against it in the principal sum of $250,000 for future emotional distress, in favor of the nonparty Faige Scharf and against it in the principal sum of $200,000 for past loss of parental guidance, and in favor of the nonparty Yisroel Segal and against it in the principal sum of $200,000 for past loss of parental guidance.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof in favor of the plaintiff Shifra Berger and against the defendant City of New York in the sums of $1,500,000 for past emotional distress, $250,000 for past loss of parental guidance, and $200,000 for future loss of parental guidance, in favor of nonparty Faige Scharf and against the defendant City of New York in the sum of $200,000 for past loss of parental guidance, and in favor of nonparty Yisroel Segal and against the defendant City of New York in the sum of $200,000 for past loss of parental guidance; as so modified, the judgment is affirmed, with costs, and a new trial is granted as to damages for past emotional distress with respect to the plaintiff Shifra Berger, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages for past emotional distress to the plaintiff Shifra Berger from the sum of $1,500,000 to the sum of $1,000,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff Shifra Berger so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

"For a court to determine that a jury verdict is not supported by legally sufficient evidence, the court must conclude that there is 'no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Downes v City of Mount Vernon,* 60 AD3d 804, 805 [2009], quoting *Cohen v Hallmark Cards,* 45 NY2d 493, 499

[1978]). Viewing the evidence in the light most favorable to the plaintiffs, and affording them every favorable inference which may be drawn from the evidence (*see Cohen v Hallmark Cards,* 45 NY2d at 499), rational jurors could conclude that the defendant City of New York was negligent in failing to discover the defective condition of the tree involved in the accident, and to take reasonable steps to prevent harm, and that such negligence was a substantial factor in causing the accident (*see Ferrigno v County of Suffolk,* 60 AD3d 726 [2009]; *cf. Ivancic v Olmstead,* 66 NY2d 349 [1985], *cert denied* 476 US 1117 [1986]). Further, the evidence was legally sufficient to support an award, to the decedent's representative, of damages for the decedent's conscious pain and suffering (*see Ramos v Shah,* 293 AD2d 459 [2002]; *Walsh v Staten Is. Obstetrics & Gynecology Assoc.,* 193 AD2d 672 [1993]; *cf. Phiri v Joseph,* 32 AD3d 922 [2006]). Additionally, the jury's finding in that regard was based on a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion, and reject that of another expert" (*Ross v Mandeville,* 45 AD3d 755, 757 [2007]; *see Speciale v Achari,* 29 AD3d 674, 675 [2006]). "The jury's resolution of conflicting expert testimony is entitled to great weight on appeal, as the jury had the opportunity to observe and hear the experts" (*Ross v Mandeville,* 45 AD3d at 757; *Speciale v Achari,* 29 AD3d 674 [2006]).

However, we agree with the City's contention that the award of $1,500,000 to the plaintiff Shifra Berger for past emotional distress deviated materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]).

We also find that the awards to Shifra Berger for past and future loss of parental guidance and to the nonparties Faige Scharf and Yisroel Segal for past loss of parental guidance were not supported by legally sufficient evidence (*see generally Cohen v Hallmark Cards,* 45 NY2d at 499).

The City's remaining contentions are without merit or need not be reached in light of our determination. Rivera, J.P., Florio, Miller and Austin, JJ., concur.