■ Dina Kevra et al., Respondents, v Mikhail Vladagin et al., Appellants. [949 NYS2d 64]—

In an action, inter alia, to recover damages for wrongful death, the defendants appeal from so much of an order of the Supreme

Court, Westchester County (Tolbert, J.), entered February 16, 2012, as denied that branch of their motion which was for summary judgment dismissing the second cause of action to recover damages for conscious pain and suffering.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the second cause of action is granted.

The plaintiffs' decedent died as a result of a one-car accident wherein the vehicle in which he was traveling flipped onto its side and its roof then struck a tree. The accident took place shortly after 8 P.M. on September 7, 2008, and, according to a New York State Police Incident Report, "the Assistant Rockland County Medical Examiner confirmed the official time of death as [9:20 P.M.]." At the time of the impact, the decedent was seated in the rear passenger compartment behind the driver. The two other occupants of the vehicle, the driver and the front seat passenger, survived the crash. In the order appealed from, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment dismissing the second cause of action to recover damages for conscious pain and suffering.

On a motion for summary judgment, the defendants bear the initial burden of showing that the decedent did not suffer conscious pain and suffering (*see Phiri v Joseph*, 32 AD3d 922 [2006]; *Schild v Kingsley*, 5 AD3d 103, 104 [2004]; *Massey v New York City Hous. Auth.*, 230 AD2d 601, 602 [1996]). Here, the defendants satisfied their initial burden. In particular, they submitted evidence that the decedent did not make any sound or movement, and that he appeared not to be breathing, during the approximately one hour in between the occurrence of the accident and the official time of death.

In opposition, the plaintiffs failed to raise a triable issue of fact. "Without legally sufficient proof of consciousness following an accident, a claim for conscious pain and suffering must be dismissed" (*Cummins v County of Onondaga*, 84 NY2d 322, 325 [1994]). Mere conjecture, surmise, or speculation is insufficient to sustain a cause of action to recover damages for conscious pain and suffering (*id.*). Furthermore, there was no evidence that the decedent experienced "preimpact terror" (*see Anderson v Rowe*, 73 AD2d 1030, 1031 [1980]; *Carlson v Porter*, 53 AD3d 1129 [2008]; *cf. Lang v Bouju*, 245 AD2d 1000, 1001 [1997]). Any finding that the decedent perceived grave injury or death, so as to justify making an award for "preimpact terror," would be based on impermissible speculation (*Phiri v Joseph*, 32 AD3d at 923).

Consequently, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action to recover damages for conscious pain and suffering. Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.