Leesa Keenan, Individually and as Administratrix of the Estate of Virginia McKibbin, Deceased, Appellant-Respondent, v Darren Molloy et al., Respondents-Appellants, et al., Defendants. [27 NYS3d 73]—

In an action to recover damages for wrongful death, the

plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), dated September 23, 2013, as denied her cross motion pursuant to CPLR 4111 (c) and 4404 (a) to set aside so much of a jury verdict as awarded zero damages for the decedent's conscious pain and suffering and pre-impact terror as being inconsistent and contrary to the weight of the evidence, and for a new trial on those issues, and (2) from so much of a judgment of the same court, dated March 26, 2014, as, upon the aforementioned portions of the jury verdict and order, failed to award damages for the decedent's conscious pain and suffering and pre-impact terror, and the defendants Darren Molloy and the New York City Transit Authority cross-appeal, as limited by their brief, from so much of the same judgment as, upon so much of the jury verdict finding that the defendants were 75% at fault in the happening of the accident and that the decedent was 25% at fault, and that the plaintiff sustained damages in the sum of $1,200,000 for pecuniary loss, and upon so much of the order as denied their motion pursuant to CPLR 4404 (a) to set aside that portion of the jury verdict, is in favor of the plaintiff and against them in the principal sum of $900,000 for pecuniary loss, together with interest at the rate of 9% per annum as against the defendant Darren Molloy.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting the provision thereof awarding the plaintiff the sum of $900,000 for pecuniary loss, and (2) deleting the provision thereof awarding the plaintiff interest on the award for pecuniary loss at the rate of 9% per annum as against the defendant Darren Molloy, and substituting therefor a provision awarding the plaintiff interest on the award for pecuniary loss at the rate of 3% per annum as against the defendant Darren Molloy; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for pecuniary loss only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages for pecuniary loss from the principal sum of $900,000 to the principal sum of $600,000, and to entry of an amended judgment accordingly; in the event that the plaintiff so

stipulates, then the judgment, as so modified, reduced, and amended, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Darren Molloy and the New York City Transit Authority.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff's decedent was struck and killed by a bus owned the defendant the New York City Transit Authority (hereinafter the NYCTA) and operated by the defendant Darren Molloy. The decedent was 65 years old, and survived by three adult daughters, one of whom is the plaintiff. The plaintiff commenced this wrongful death action against Molloy and the NYCTA (hereinafter together the defendants) on behalf of herself and the decedent's estate (hereinafter the estate), and sought damages for the conscious pain and suffering endured by the decedent prior to her death, including any pre-impact terror she may have experienced, as well as damages for pecuniary loss suffered by the plaintiff and her two sisters as a result of their mother's death. Following a combined trial on liability and damages, the jury returned a verdict finding that the defendants were 75% at fault for the happening of the accident and that the decedent was 25% at fault, and found, inter alia, $1,200,000 in damages for pecuniary loss. No damages were awarded for the pre-impact terror suffered by the decedent prior to her impact with the bus, and no damages were awarded for the decedent's conscious pain and suffering following her impact with the bus until the time of her death.

The defendants moved in the Supreme Court pursuant to CPLR 4404 (a) to set aside or reduce the verdict finding $1,200,000 in damages for pecuniary loss on the grounds that the verdict was contrary to the weight of the evidence and excessive. The plaintiff opposed the defendants' motion and cross-moved pursuant to CPLR 4111 (c) and 4404 (a) to set aside so much of the verdict as awarded zero damages for the decedent's pre-impact terror and conscious pain and suffering as being inconsistent and contrary to the weight of the evidence. The court denied both motions. A judgment was subsequently entered against the defendants jointly and severally which, inter alia, awarded damages for pecuniary loss in the principal sum of $900,000, to account for the jury's finding

that the decedent was 25% at fault in the happening of the accident, and provided that interest would be imposed against Molloy at the rate of 9% per annum. The plaintiff appeals from the judgment, and the defendants cross-appeal.

Contrary to the plaintiff's contention, the jury's verdict awarding zero damages for the decedent's conscious pain and suffering and pre-impact terror was not contrary to the weight of the evidence. "A jury verdict on damages may be set aside 'as against the weight of the evidence only if the evidence on that issue so preponderated in favor of the plaintiff that the jury could not have reached its determination on any fair interpretation of the evidence' " (*Williams v City of New York*, 71 AD3d 1135, 1137 [2010], quoting *Carter v New York City Health & Hosps. Corp.*, 47 AD3d 661, 663 [2008]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 745 [1995]). A cause of action alleging conscious pain and suffering requires proof of cognitive awareness "for at least some period of time following an accident" (*Cummins v County of Onondaga*, 84 NY2d 322, 324 [1994]; *see Kevra v Vladagin*, 96 AD3d 805, 806 [2012]; *Williams v City of New York*, 71 AD3d at 1137; *Fa-Shun Ou v New York City Tr. Auth.*, 309 AD2d 781, 781 [2003]). Here, the parties submitted conflicting expert medical opinions as to whether the decedent lost consciousness immediately upon impact with the bus. In light of this conflicting expert testimony, we find that the evidence did not so preponderate in favor of the plaintiff such that the verdict could not have been reached on any fair interpretation of the evidence (*see Segal v City of New York*, 66 AD3d 865, 867 [2009]; *Ross v Mandeville*, 45 AD3d 755, 757 [2007]).

Furthermore, the evidence failed to establish that the decedent "perceived grave injury or death" prior to impact with the bus to support a claim of pre-impact terror (*Kevra v Vladagin*, 96 AD3d 805, 806 [2012]; *see Phiri v Joseph*, 32 AD3d 922 [2006]; *Anderson v Rowe*, 73 AD2d 1030 [1980]). Although Molloy testified that he heard "a scream" "a few seconds" before he "felt the bus hit something," there was no evidence to establish that the scream heard by Molloy came from the decedent (*see Boston v Dunham*, 274 AD2d 708, 711 [2000]; *Torelli v City of New York*, 176 AD2d 119 [1991]; *see also Kevra v Vladagin*, 96 AD3d at 806).

" 'In a wrongful death action, an award of damages is limited to fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought' " (*Hyung Kee Lee v New York Hosp. Queens*, 118 AD3d 750, 753-754 [2014], quoting *Klos v New*

*York City Tr. Auth.*, 240 AD2d 635, 637 [1997]; *see Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 667 [1991]; *Johnson v Richmond Univ. Med. Ctr.*, 101 AD3d 1087, 1088 [2012]). The standard of review for a damages award is whether it "deviate[s] materially from what would be reasonable compensation" (*Vasquez v County of Nassau*, 91 AD3d 855, 858 [2012]). Upon a review of the award for pecuniary loss given here, we find that the award deviates materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Perez v St. Vincents Hosp. & Med. Ctr. of N.Y.*, 66 AD3d 663 [2009]; *Ramos v La Montana Moving & Stor.*, 247 AD2d 333 [1998]; *Glassman v City of New York*, 225 AD2d 658 [1996]).

Finally, we agree with the defendants that, inasmuch as the entirety of the judgment is collectable against both of the defendants in whole or in part, the proper rate of interest chargeable against Molloy is 3% (*see* Public Authorities Law § 1212 [6]; *Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175 [1982]; *Williams v City of New York*, 111 AD3d 420 [2013]; *Klos v New York City Tr. Auth.*, 240 AD2d 635 [1997]). Dickerson, J.P., Hall, Austin and Roman, JJ., concur.