Matter of Qyra (2020 NY Slip Op 04169)





Matter of Qyra


2020 NY Slip Op 04169


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-09670

[*1]In the Matter of Elmaz Qyra, deceased. Naxhije Qyra, respondent; Iryna Krysa, appellant. (File No. 1041/10/B)


Melcer Newman PLLC, New York, NY (Jeffrey B. Melcer of counsel), for appellant.
Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In a proceeding to judicially settle a certain account, the objectant appeals from a decree of the Surrogate's Court, Kings County (Diana A. Johnson, S.), dated July 11, 2016. The decree, insofar as appealed from, upon an order of the same court dated April 15, 2016, after a hearing, allocated the entire amount of certain settlement proceeds to a cause of action alleging wrongful death, disallowed the objectant's claim, and judicially settled and allowed the account as filed.
ORDERED that the decree is affirmed insofar as appealed from, with costs.
In February 2010, Elmaz Qyra (hereinafter the decedent) died after being struck by a falling tree limb in Central Park. In March 2010, the Surrogate's Court issued letters of administration to the decedent's wife, Naxhije Qyra. Qyra, in her capacity as administrator of the decedent's estate (hereinafter the estate), commenced an action in the Supreme Court against, among others, the City of New York, to recover damages for the decedent's wrongful death and conscious pain and suffering (hereinafter the wrongful death action). 
In August 2010, the objectant, Iryna Krysa (hereinafter Krysa), commenced an action in the Supreme Court, naming the decedent as a defendant, to recover damages for personal injuries arising from an incident that occurred in October 2009, when she was allegedly struck by a motor vehicle operated by the decedent (hereinafter the personal injury action). Krysa subsequently attempted to amend the caption to designate the estate as the defendant. Thereafter, by letter dated February 28, 2012, Krysa served Qyra with notice of her claim against the estate and appended a copy of the pleadings in the personal injury action. 
In April 2013, the wrongful death action was settled for $3 million. Qyra then commenced this proceeding in the Surrogate's Court to, among other things, allocate the entire amount of the settlement proceeds to the wrongful death cause of action and to judicially settle the account. Krysa filed objections to the account, contending that a portion of the settlement proceeds [*2]should be allocated to the claim for conscious pain and suffering.
In July 2013, while the personal injury action was pending in the Supreme Court, Krysa filed a petition in the Surrogate's Court alleging that her claim against the estate was "deemed rejected by operation of SCPA § 1806[3]," and sought, inter alia, an accounting and "a decree or order directing [Qyra] to pay the claim." Following motion practice, the Surrogate's Court issued an order dated July 10, 2014, rejecting Krysa's contention that it was required to hold a trial to determine the validity and enforceability of her claim against the estate pursuant to SCPA 1808. The Surrogate's Court noted that Krysa elected to pursue her claim in the Supreme Court by commencing the personal injury action in that forum and that the personal injury action was pending. The Surrogate's Court also found that "[a]lthough [Krysa] denominates her claim as an SCPA § 1803 claim, it is a contingent or unliquidated claim under SCPA § 1804."
In the meantime, in the personal injury action, on appeal from an order denying the estate's motion for summary judgment dismissing the complaint, this Court dismissed the appeal, vacated the order appealed from, and dismissed the complaint on the grounds that the action was a nullity from its inception since an action may not be commenced against a dead person and the time within which to commence an action against the decedent's personal representative "had expired prior to [the estate's] motion for summary judgment" (Krysa v Estate of Qyra, 136 AD3d 760, 761). The Court of Appeals denied Krysa's motion for leave to appeal (see Krysa v Estate of Qyra, 27 NY3d 907). 
A hearing was subsequently held in the Surrogate's Court on the issue of whether the decedent experienced conscious pain and suffering prior to his death in order to determine the allocation of the settlement proceeds from the wrongful death action. In an order dated April 15, 2016, the Surrogate's Court dismissed Krysa's objections to the account on the ground that she was no longer an interested party in light of the dismissal of the personal injury action. The Surrogate's Court also determined that, in any event, the evidence adduced at the hearing demonstrated that the decedent did not experience any conscious pain and suffering after the accident and allocated the entire amount of the settlement proceeds to the wrongful death cause of action.
By decree dated July 11, 2016, the Surrogate's Court, inter alia, allocated the entire amount of the settlement proceeds to the wrongful death cause of action, disallowed Krysa's claim, and judicially settled and allowed the account as filed. Krysa appeals, arguing, among other things, that the Surrogate's Court erred in disallowing her claim against the estate, that her claim was properly filed under SCPA 1803, and that the Surrogate's Court was required to hold a trial with respect to the validity and enforceability of her claim pursuant to SCPA 1808. Krysa further argues that the Surrogate's Court's determination to allocate the entire amount of the settlement proceeds to the wrongful death cause of action based on its finding that the decedent experienced no conscious pain and suffering was against the weight of the evidence.
As a threshold matter, the Surrogate's Court did not err in determining that Krysa's claim against the estate, although denominated a claim under SCPA 1803, was a contingent or unliquidated claim within the meaning of SCPA 1804 (see SCPA 1804[1], [2]; Matter of Biel, 103 AD2d 287, 292; Matter of Brignoni, 28 Misc 3d 1210[A], 2010 NY Slip Op 51258[U], *2 [Sur Ct, Bronx County]). Contrary to Krysa's contention, "[o]nce the liability is established and the amount ascertained, the claimant must file his [or her] claim under SCPA § 1803 (subparagraph [2])" (Margaret Valtentine Turano, Practice Commentaries, McKinney's Cons Laws of NY, SCPA 1804; see SCPA 1802[2]). Furthermore, there is no support for Krysa's contention that the Surrogate's Court was required to hold a trial pursuant to SCPA 1808 with respect to the "validity and enforceability" of her SCPA 1804 claim upon this Court's determination that the personal injury action was a nullity and that the time within which to commence an action against Qyra had expired (see generally 6 Warren's Heaton, Surrogate's Court Practice § 71.06[2] [2020] [noting that "(o)nly debts or unpaid expenses are properly the subject of adjudication pursuant to SCPA 1809"]). There is also no support for Krysa's contention that "[t]he nullity of the [personal injury] action simply shifted the venue of the trial to [the] Surrogate's Court" to determine her SCPA 1804 claim (cf. Matter of Horton, 51 AD2d 856, 857; Matter of Albin, 35 Misc 2d 322, 324 [Sur Ct, Suffolk [*3]County]; Matter of Griffith, 127 Misc 376, 379 [Sur Ct, Oneida County]).
Furthermore, contrary to Krysa's contention, the Surrogate's Court's determination that the decedent did not experience conscious pain and suffering following the accident was not contrary to the weight of the evidence (see generally Cummins v County of Onondaga, 84 NY2d 322, 324; Keenan v Molloy, 137 AD3d 868, 871; Curry v Hudson Val. Hosp. Ctr., 104 AD3d 898, 901; Kevra v Vladagin, 96 AD3d 805, 806). The evidence adduced at the hearing established that the decedent was severely injured when he was struck in the back of the head by a falling tree limb. The decedent was found unresponsive and was pronounced dead "without any resuscitative attempts" by emergency medical technicians who arrived at the scene. There was no evidence that the decedent made any sound or movement, or experienced any level of cognitive awareness after the accident.
Accordingly, we agree with the Surrogate's Court's determination to allocate the entire amount of the settlement proceeds to the wrongful death cause of action, disallow Krysa's claim, and judicially settle and allow the account as filed.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.

2016-09670 DECISION & ORDER ON MOTION
In the Matter of Elmaz Qyra, deceased.
Naxhije Qyra, respondent;
Iryna Krysa, appellant.
(File No. 1041/10B)

Motion by the petitioner to dismiss an appeal from a decree of the Surrogate's Court, Kings County, dated July 11, 2016, on the grounds that the objectant-appellant lacks standing or that the appeal has been rendered academic. By decision and order on motion of this Court dated November 25, 2016, the petitioner's motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court