■ MICHAEL RHODES, Respondent, v GEORGE BAUER, Individually and as Administrator of the Estate of ROBERT H. BAUER, Deceased, et al., Respondents, and TOWN OF HUNTINGTON, Appellant.—In an action to recover damages for personal injuries, the defendant Town of Huntington appeals from so much of an order of the Supreme Court, Suffolk County (Copertino, J.), dated November 27, 1989, as denied its cross motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 29, 1985, at approximately 2:45 A.M., the plaintiff Michael Rhodes, who was a passenger in an automobile owned by the defendant George Bauer and operated by Robert H. Bauer, since deceased, was injured when the right wheels of the vehicle left an eight-to-ten inch drop-off from the paved portion of Daly Road in the Town of Huntington, apparently causing the operator of the car to lose control. As a result, the vehicle rolled over several times. The plaintiff alleges that the defendant Town was negligent because of its failure to post proper warnings, reflective devices, or signs with respect to the unpaved shoulder under construction at the time of the accident. The Town has conceded that nine white road delineators which it had installed previously were missing from the construction site for two months prior to the accident. The

Town cross-moved for summary judgment contending that it did not create the alleged defect in the excavated area and that the action was barred pursuant to the Town's prior notice statute. The Town also claimed that its alleged negligence was not the proximate cause of the accident as a matter of law.

We find that claims alleging a failure to construct proper barriers and warnings as alleged by the plaintiff do not fall within the purview of the Town's prior notice statute (Town of Huntington Code § 173-18), and consequently, no prior written notice was required (see, Hughes v Jahoda, 75 NY2d 881, 883; see also, Burgess v Town of Hempstead, 161 AD2d 616, 617-618). In any event, we note that the Town did in fact receive prior written notice through one of its employees.

In addition, it cannot be said as a matter of law that the Town's alleged failure to replace the nine white road delineators, which, according to the deposition testimony of a Town employee, had been installed by the Town to define the roadway edge during construction, could not have been a contributing cause of the accident (see, Alexander v Eldred, 63 NY2d 460, 467). Accordingly, the Supreme Court properly denied the Town's cross motion of summary judgment.

We have considered the Town's other contention and find it to be without merit. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.