■ MARIA BERMUDEZ, as Parent and Natural Guardian of RICHARD BERMUDEZ, an Infant, et al., Appellants-Respondents, v RAMON RUIZ et al., Respondents, and MARBA FURNITURE CO. et al., Respondents-Appellants, et al., Defendant. [— NYS2d —] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered June 20, 1994, which, *inter alia*, granted defendant New York City Board of Education's motion for summary judgment and dismissed the complaint as against it, and denied defendant Swanson's motion for summary judgment, unanimously affirmed without costs.

Plaintiff commenced this personal injury action on behalf of her son who, while riding a bicycle, was struck by a truck, in

front of a public school, on a one way street, which had double parked cars on both sides. The driver testified that he did not see plaintiff prior to striking the child. Defendant Swanson, an employee of a speech disorder center which had a contract with the public school to provide speech therapy, owned one of the double parked cars which allegedly obstructed the driver's vision at the time of the accident.

We agree with the IAS Court that the Board was not negligent in failing to prevent the double parking outside the school. Contrary to plaintiff's assertion, the Board did not "actively encourage" its employees to illegally double park by its issuance of parking permits for designated curbside zones. Plaintiff is also incorrect in arguing that the Board was negligent in its proprietary capacity as a landowner in failing to take action to prevent this dangerous condition and by failing to control the conduct of third persons on its property, since the Board is not a landowner, the accident did not occur on school property, and the Board had no control over where its employees parked their cars (*see, D'Amico v Christie*, 71 NY2d 76, 85).

The court also properly denied defendant Swanson's motion for summary judgment. Whether the driver could have seen the infant plaintiff crossing the street in time to avoid striking him were it not for this defendant's double parked car or whether that vehicle affected the infant's ability to see the truck as it approached are issues of fact that should be left for trial (*see, Nowlin v City of New York*, 81 NY2d 81, 89). Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.