■ GENNARO RISCO, Respondent, v STATE OF NEW YORK et al., Defendants, COUNTY OF SUFFOLK et al., Appellants-Respondents, and TOWN OF BROOKHAVEN et al., Respondents-Appellants. (And a Third-Party Action.) [786 NYS2d 359]—In an action to recover damages for personal injuries, the defendants County of Suffolk, Suffolk County Dept. of Public Works, and Suffolk County Division of Highway Maintenance appeal, and the defendants Town of Brookhaven, Brookhaven Highway Dept., Brookhaven Engineering Dept., and Brookhaven Traffic Safety Division Brookhaven Dept. of Public Safety cross-appeal,

from so much of an order of the Supreme Court, Suffolk County (Lifson, J.), dated March 1, 2004, as denied their motion and cross motion, respectively, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the respondent.

We agree with the Supreme Court that the appellants failed to meet their prima facie burden of establishing entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Even assuming that the plaintiff was negligent, it cannot be said as a matter of law that the plaintiff was the sole proximate cause of his injuries or that the appellants were not comparatively negligent (*see Boston v Dunham,* 274 AD2d 708, 709-710 [2000]; *Luck v Tellier,* 222 AD2d 783, 785 [1995]; *Bermudez v Ruiz,* 221 AD2d 196, 197 [1995]; *Rhodes v Bauer,* 173 AD2d 452 [1991]). Upon a failure to make such a showing, the motion and cross motion for summary judgment must be denied regardless of the sufficiency of the plaintiff's papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Florio, J.P., Krausman, Cozier and Mastro, JJ., concur.