■ Rogelio Calderone et al., Respondents, v Town of Cortlandt, Appellant. [790 NYS2d 687]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered November 26, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Rogelio Calderone was injured when the truck in which he was a passenger left the roadway and hit a utility pole in the Town of Cortlandt. He alleges that a defect or dangerous condition in the pavement caused the truck driver to lose control, resulting in the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the condition of the roadway was not a proximate cause of the accident. The defendant did not submit any evidence to establish, prima facie, that the roadway was in a reasonably safe condition (*cf. Tomassi v Town of Union,* 46 NY2d 91, 97 [1978]), but instead pointed to alleged contradictions and gaps in the plaintiff's proof. " 'As a general rule, a party does not carry its

burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense' " (*Mennerich v Esposito,* 4 AD3d 399, 400 [2004], quoting *Larkin Trucking Co. v Lisbon Tire Mart,* 185 AD2d 614, 615 [1992]). Here, the evidence tendered by the defendant in support of its motion left unresolved a number of triable issues of fact regarding, inter alia, the speed of the truck, whether a second vehicle may have been involved in the accident, and the condition of the roadway in the vicinity of the accident site. Accordingly, the defendant failed to establish its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Risco v State of New York,* 13 AD3d 605 [2004]), and the Supreme Court properly denied its motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Luciano, J.P., Crane, Fisher and Lifson, JJ., concur.