■ BETTE GAIDA-NEWMAN et al., Respondents, v DEAN A. HOLTERMANN et al., Appellants, et al., Defendant. [825 NYS2d 503]—

In an action, inter alia, to recover damages for personal injuries and wrongful death, etc., the defendants Dean A. Holtermann and Vivian Reonegro appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated June 8, 2005, as denied those branches of their motion which were for summary judgment dismissing the first cause of action to recover damages for the decedent's conscious pain and suffering, and the fifth cause of action to recover damages for loss of services, insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied those branches of the appellants' motion which were for summary judgment dismissing the first cause of action to recover damages for the decedent's conscious pain and suffering, and the fifth cause of action to recover damages for loss of services, insofar as asserted against them as they failed to meet their initial burden of establishing entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Assuming that the plaintiff's decedent was negligent, it cannot be said as a matter of law that the plaintiff's decedent was the sole proximate cause of the plaintiff's decedent's injuries or that the defendant Dean A. Holtermann was not negligent in failing to keep a proper lookout and failing to take some evasive action in an effort to avoid the subject collision (*see Risco v State of New York*, 13 AD3d 605 [2004]; *King v Washburn*, 273 AD2d 725, 726 [2000]).

Additionally, while a plaintiff bears the ultimate burden of proof at trial on the issue of conscious pain and suffering, on a motion for summary judgment the defendant bears the initial burden of showing that the decedent did not endure conscious pain and suffering (*see Schild v Kingsley*, 5 AD3d 103 [2004]; *Massey v New York City Hous. Auth.*, 230 AD2d 601 [1996]). Although the appellants established their prima facie entitlement to summary judgment by submitting a police report which stated that the decedent "was DOA at the scene," the plaintiff raised a triable issue of fact by submitting an affidavit of a witness who testified that he saw the decedent groaning and moving his head up and down after the accident (*see Saguid v Kingston Hosp.*, 213 AD2d 770, 772 [1995]; *Parker v McConnell Mfg. Co.*, 40 AD2d 587 [1972]).

Therefore, the Supreme Court properly denied those branches of the appellants' motion which were for summary judgment dismissing the first and fifth causes of action insofar as asserted against them. Adams, J.P., Ritter, Lunn and Covello, JJ., concur.