■ AHSAN UL HAQUE, Respondent, v MARY J. DADDAZIO, Appellant. [922 NYS2d 548]—

In an action to recover damages for wrongful death and conscious pain and suffering, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated October 21, 2010, as granted that branch of the plaintiff's motion which was for leave to reargue his opposition to that branch of the defendant's prior motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering which had been granted in an order entered February 24, 2010, upon reargument, vacated the original determination in the order entered February 24, 2010, and thereupon denied that branch of the defendant's motion.

Ordered that the order dated October 21, 2010, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for leave to reargue is denied, and so much of the order entered February 24, 2010, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering is reinstated.

The plaintiff's decedent was killed after she attempted to traverse Route 9 in Ossining on foot, and was struck by a vehicle operated by the defendant. At the time of the accident, the defendant's vehicle was proceeding northbound on Route 9, and there was no intersection or crosswalk at the site of the accident. In an order entered February 24, 2010, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. In an order dated October 21, 2010, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to reargue his opposition to that branch of the defendant's prior motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering, upon reargument, vacated the original determination in the order entered February 24, 2010, and thereupon denied that branch of the defendant's motion.

"[W]hile a plaintiff bears the ultimate burden of proof at trial on the issue of conscious pain and suffering, on a motion for summary judgment the defendant bears the initial burden of showing that the decedent did not endure conscious pain and suffering" (*Gaida-Newman v Holtermann*, 34 AD3d 634, 635 [2006]; *see generally Cummins v County of Onondaga*, 84 NY2d 322 [1994]; *McDougald v Garber*, 73 NY2d 246, 255 [1989]; *Schild v Kingsley*, 5 AD3d 103 [2004]). In support of that branch of her motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering, the defendant submitted, among other things, the decedent's medical records which demonstrated, prima facie, that the decedent was rendered unconscious immediately following the accident and remained so until her death eight hours later. In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff contended that there existed a triable issue of fact as to whether the defendant exercised due care to avoid the accident and that the defendant's motion was premature, he did not address the issue of whether the decedent experienced any level of cognitive awareness following the accident. Thereafter, in his motion for leave to reargue his opposi-

tion to that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering, the plaintiff merely reiterated his prior contentions. The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to reargue his opposition to that branch of the defendant's prior motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering, since the plaintiff failed to show that the Supreme Court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law and, moreover, he improperly presented arguments not previously advanced (*see* CPLR 2221 [d] [2]). A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). A motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (*Mazinov v Rella*, 79 AD3d 979, 980 [2010], quoting *McGill v Goldman*, 261 AD2d 593, 594 [1999]).

Moreover, contrary to the plaintiff's contention, that branch of the defendant's prior motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering was not premature. The plaintiff failed to demonstrate that discovery may lead to relevant evidence or that the facts essential to oppose the motion were exclusively within the knowledge and control of the defendant (*see* CPLR 3212 [f]; *Westport Ins. Co. v Altertec Energy Conservation, LLC*, 82 AD3d 1207 [2011]; *Gasis v City of New York*, 35 AD3d 533, 534 [2006]). The "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Gasis v City of New York*, 35 AD3d at 534-535 [2006]). Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.