■ JOHN DMYTRYSZYN, Individually and as Executor of ELIZABETH DMYTRYSZYN, Respondent, v ZVI HERSCHMAN, M.D., et al., Appellants, et al., Defendants. [950 NYS2d 401]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant Zvi Herschman appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered June 1, 2011, as denied his motion for summary judgment dismissing so much of the complaint as sought to recover damages for conscious pain and suffering and loss of services, and to recover damages for pecuniary loss based upon alleged lost earnings insofar as asserted against him, and the defendant Cynthia Ligenza separately appeals from so much of the same order as denied her separate motion for the same relief insofar as it related to her.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff commenced this action, inter alia, to recover damages for wrongful death against, among others, the appellants, alleging that their negligence in performing an anesthesia-assisted rapid opiate detoxification procedure using the drug propofol (hereinafter the AROD procedure) resulted in the death of the plaintiff's wife.

The Supreme Court properly denied those branches of the appellants' respective motions which were for summary judgment dismissing so much of the complaint as sought to recover damages for conscious pain and suffering insofar as asserted against them. " '[W]hile a plaintiff bears the ultimate burden of proof at trial on the issue of conscious pain and suffering, on a motion

for summary judgment the defendant bears the initial burden of showing that the decedent did not endure conscious pain and suffering' " (*Haque v Daddazio*, 84 AD3d 940, 941 [2011], quoting *Gaida-Newman v Holtermann*, 34 AD3d 634, 635 [2006]; *see generally Cummins v County of Onondaga*, 84 NY2d 322 [1994]; *McDougald v Garber*, 73 NY2d 246, 255 [1989]; *Schild v Kingsley*, 5 AD3d 103 [2004]). The only evidence submitted by the appellants addressing this issue was an expert affidavit concluding that "[c]onscious suffering was not feasible" during the AROD procedure as the decedent was anesthetized and unconscious and thoroughly unaware of impending death during the entire procedure. However, the expert's opinion was conclusory and speculative, and thus, was properly accorded no probative force (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544-545 [2002]; *Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725 [1984]). Inasmuch as the appellants failed to make a prima facie showing of entitlement to judgment as a matter of law as to damages for conscious pain and suffering, it is unnecessary to review the sufficiency of the plaintiff's opposition papers on this issue (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Faicco v Golub*, 91 AD3d 817, 818 [2012]; *Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1045 [2010]; *LaVecchia v Bilello*, 76 AD3d 548, 548 [2010]).

The Supreme Court also properly denied those branches of the appellants' respective motions which were for summary judgment dismissing so much of the complaint as was to recover for pecuniary loss based upon alleged lost earnings. "A claim for lost earnings must be established with reasonable certainty" (*Morgan v Rosselli*, 23 AD3d 356, 357 [2005]; *see Gomez v City of New York*, 260 AD2d 598, 599 [1999]; *Poturniak v Rupcic*, 232 AD2d 541, 542 [1996]; *Bacigalupo v Healthshield, Inc.*, 231 AD2d 538, 539 [1996]). Here, the appellants established their prima facie entitlement to judgment as a matter of law dismissing so much of the wrongful death cause of action as was to recover for pecuniary loss based upon alleged lost earnings by submitting the plaintiff's decedent's medical records establishing that she had been totally disabled from her employment as a registered nurse since 1997, years before the alleged malpractice occurred in 2004 (*see Poturniak v Rupcic*, 232 AD2d at 542). However, in opposition, the plaintiff raised triable issues of fact, inter alia, as to whether the decedent would have returned to work as a registered nurse in the future (*see Horan v Dormitory Auth.*, 43 AD2d 65, 69-70 [1973]).

The appellants' remaining contentions are without merit. Florio, J.P., Balkin, Hall and Miller, JJ., concur.