# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

103

CA 13-01249

PRESENT: SMITH, J.P., LINDLEY, VALENTINO, AND WHALEN, JJ.

---

LUZ M. HOUSTON, AS ADMINISTRATRIX OF THE
ESTATE OF ROBERT M. HOUSTON, SR., DECEASED,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

MCNEILUS TRUCK AND MANUFACTURING, INC.,
DEFENDANT-APPELLANT,
MACK TRUCKS, INC., ET AL., DEFENDANTS.

---

COLUCCI & GALLAHER, P.C., BUFFALO (ANTHONY COLUCCI, III, OF COUNSEL),
FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered April 18, 2013.  The order, among other things, denied in part the motion of defendant McNeilus Truck and Manufacturing, Inc. for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion with respect to the manufacturing defect claims and dismissing those claims and all cross claims based on that theory against defendant-appellant and as modified the order is affirmed without costs.

Memorandum:  In this negligence action in which plaintiff seeks damages arising from the decedent's death during a garbage truck accident, McNeilus Truck and Manufacturing, Inc. (defendant), as limited by its notice of appeal, contends that Supreme Court erred in denying those parts of its motion for summary judgment dismissing the claims and all cross claims against it for a manufacturing defect, "conscious pain and suffering/preimpact terror," and failure to warn. We agree with defendant that the court erred in denying its motion with respect to the claims for a manufacturing defect and we therefore modify the order by dismissing those claims and all cross claims based on that theory against defendant.  Defendant met its initial burden by establishing as a matter of law that the truck at issue was not defective and that a manufacturing defect therefore did not cause plaintiff's injuries (*see generally Ramos v Howard Indus., Inc.*, 10 NY3d 218, 222-224), and plaintiff failed to raise a triable issue of fact in opposition (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  Indeed, we note that, in its brief on appeal, plaintiff

failed to address defendant's contention that the court erred in denying that part of its motion.

Contrary to defendant's contention, however, we conclude that the court properly denied those parts of its motion for summary judgment dismissing the claims for conscious pain and suffering and preimpact terror. Although "a plaintiff bears the ultimate burden of proof at trial on the issue of conscious pain and suffering, on a motion for summary judgment the defendant bears the initial burden of showing that the decedent did not endure conscious pain and suffering" (*Gaida-Newman v Holtermann*, 34 AD3d 634, 635; *see Dmytryszyn v Herschman*, 98 AD3d 715, 715-716; *Haque v Daddazio*, 84 AD3d 940, 941). With respect to such a claim, it is well settled "that summary judgment should not be granted where a party—such as defendant[] herein—[establishes] that a decedent was unconscious when found at the scene and continued to be unconscious thereafter, if the [evidence does] not establish the decedent's unconscious condition during the interval immediately after the accident but before emergency help arrived" (*Barron v Terry*, 268 AD2d 760, 761). Here, although defendant established that decedent's coworker found him unresponsive a short time after the accident, defendant failed to establish decedent's condition in the short time before that. Similarly, defendant failed to establish as a matter of law that decedent did not experience preimpact terror (*see generally Lang v Bouju*, 245 AD2d 1000, 1001).

Contrary to defendant's further contention, the court also properly denied that part of its motion with respect to the claim for failure to warn. "A manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known . . . A manufacturer also has a duty to warn of the danger of unintended uses of a product provided these uses are reasonably foreseeable" (*Liriano v Hobart Corp.*, 92 NY2d 232, 237). " 'The nature of the warning and to whom it should be given depend upon a number of factors including the harm that may result from use of the product without the warnings, the reliability and adverse interest of the person to whom notice is given, the kind of product involved and the burden in disseminating the warning' " (*Chien Hoang v ICM Corp.*, 285 AD2d 971, 972; *see generally Cover v Cohen*, 61 NY2d 261, 276). Consequently, " '[i]n all but the most unusual circumstances, the adequacy of a warning is a question of fact' to be determined at trial" (*Johnson v UniFirst Corp.*, 90 AD3d 1539, 1540; *see Repka v Arctic Cat, Inc.*, 20 AD3d 916, 918). Here, defendant failed to meet its burden of establishing as a matter of law that the warnings were adequate or that the failure to give warnings was not a proximate cause of the accident (*cf. Pizzaro v City of New York*, 188 AD2d 591, 593, *lv denied* 82 NY2d 656). In any event, even assuming, arguendo, that defendant met its initial burden on the motion by submitting the affidavit of its expert, we note that the expert's affidavit submitted by plaintiff in opposition to the motion "presented a credibility battle between the parties' experts, and issues of credibility" may not be decided on a motion for summary judgment (*Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624; *see Baity*

*v General Elec. Co.*, 86 AD3d 948, 952).

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court