CATHERINE MAZELLA, as Administratrix of the Estate of SUSAN JACOB, Deceased, Appellant-Respondent, v KELLY A. HAUSER, Respondent-Appellant. [37 NYS3d 596]—

In an action, inter alia, to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated June 19, 2015, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering, and the defendant cross-appeals from so much of the same order as denied that branch of her motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, as the administrator of the estate of Susan Jacob (hereinafter the decedent), commenced this action against the defendant, alleging that a motor vehicle operated by the defendant came into contact with the decedent, a pedestrian, causing the decedent's death. The plaintiff asserted a cause of action to recover damages for wrongful death and a cause of action to recover damages for conscious pain and suffering. Thereafter, the defendant moved, inter alia, for summary judgment dismissing the complaint.

In an order dated June 19, 2015, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death, and granted that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering. The plaintiff appeals, and the defendant cross-appeals, from the respective provisions of the order adverse to them.

The Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering. "[W]hile a plaintiff bears the ultimate burden of proof at trial on the issue of conscious pain and suffering, on a motion for summary judgment the defendant bears the initial burden of showing that the decedent did not endure conscious pain and suffering" (*Gaida-Newman v Holtermann*, 34 AD3d 634, 635 [2006]; *see Dmytryszyn v Herschman*, 98 AD3d 715 [2012]; *Haque v Daddazio*, 84 AD3d 940, 941 [2011]). Here, the court's conclusion that the defendant established her prima facie entitlement to judgment as a matter of law dismissing this cause of action was based on a letter affirmed by Yong-Myun Rho, a physician. Contrary to the court's conclusion, the defendant failed to make a prima facie showing of her entitlement to judgment as a matter of law.

"An expert witness must possess the requisite skill, training, knowledge, or experience to ensure that an opinion rendered is reliable" (*LaMarque v North Shore Univ. Hosp.*, 227 AD2d 594, 594 [1996]). The document affirmed by Yong-Myun Rho indicated that Yong-Myun Rho was a doctor licensed to practice medicine in this State and a "Consultant in Forensic Medicine." The letter did not set forth what skill, training, knowledge, or experience Yong-Myun Rho had in the relevant areas of medicine so as to ensure the reliability of the opinion regarding the decedent's time of death and whether the decedent suffered conscious pain before her death.

Further, the opinion of Yong-Myun Rho was conclusory and speculative and, thus, should have been accorded no probative force (*see Dmytryszyn v Herschman*, 98 AD3d at 715-716). Essentially, based on the "findings" that the decedent had no vital sign when brought to the hospital, that there were open skull fractures showing the contused and lacerated brain tissue, and that the hospital certified the decedent's death as traumatic cardiac arrest, Yong-Myun Rho opined that the decedent died immediately after the collision due to severe brain injury, and that she did not suffer any conscious pain before her death. Yong-Myun Rho added that the brain was the "essential organ that feels the pain." Yong-Myun Rho did not adequately explain how these findings led to the conclusion that the decedent died immediately after the collision and did not suffer conscious pain before her death.

Since the defendant failed to make a prima facie showing of her entitlement to judgment as a matter of law dismissing the cause of action to recover damages for conscious pain and suf-

fering, it is unnecessary to review the sufficiency of the plaintiff's opposition papers on this issue (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death, made on the ground that the plaintiff could not establish damages. "[D]amages in a wrongful death action are limited to fair and just compensation for the 'pecuniary injuries' suffered by the distributees of decedent's estate (*see,* EPTL 5-4.3), and include loss of support, voluntary assistance, possible inheritance, as well as medical and funeral expenses incidental to death" (*Regan v Long Is. R.R. Co.*, 128 AD2d 511, 513 [1987]; *see Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 668 [1991]). The evidence that the defendant submitted failed to establish that the distributees suffered no pecuniary loss resulting from the alleged wrongful death of the decedent (*cf. Johnson v Richmond Univ. Med. Ctr.*, 101 AD3d 1087, 1088 [2012]). Since the defendant failed to make a prima facie showing of her entitlement to judgment as a matter of law dismissing the cause of action to recover damages for wrongful death, it is unnecessary to review the sufficiency of the plaintiff's opposition papers on this issue (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.