Santaiti v Town of Ramapo (2021 NY Slip Op 04986)





Santaiti v Town of Ramapo


2021 NY Slip Op 04986


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-12082
2019-12794
 (Index No. 31509/16)

[*1]Diana Santaiti, etc., respondent, 
v
Town of Ramapo, etc., et al., appellants, Jamie F. Groesbeck, etc., defendant.


Sokoloff Stern LLP, Carle Place, NY (Mark A. Radi and Steven C. Stern of counsel), for appellants.
Levine & Gilbert, New York, NY (Harvey A. Levine and Richard A. Gilbert of counsel), for respondent.
Balsamo, Byrne, Cipriani & Ellsworth, Suffern, NY (Richard M. Ellsworth of counsel), for defendant.



DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, (1) the defendants Town of Ramapo and Town of Ramapo Police Department appeal from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated October 4, 2019, and (2) the defendant Town of Ramapo appeals from an order of the same court dated October 31, 2019. The order dated October 4, 2019, insofar as appealed from, denied that branch of the motion of Town of Ramapo which was for summary judgment dismissing the complaint insofar as asserted against it. The order dated October 31, 2019, insofar as appealed from, denied that branch of the motion of Town of Ramapo which was to compel the disclosure of communications which were not to, from, or about the defendant Town of Ramapo Police Department.
ORDERED that the appeal by the defendant Town of Ramapo Police Department from the order dated October 4, 2019, is dismissed, as that defendant is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order dated October 4, 2019, is affirmed insofar as appealed from by the defendant Town of Ramapo; and it is further,
ORDERED that the order dated October 31, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The complaint alleges that prior to October 21, 2015, Patricia A. Nigro (hereinafter the decedent) was physically assaulted by her husband, William T. Groesbeck. The decedent filed a complaint with the Town of Ramapo Police Department. When the police officers arrived at her home, the decedent allegedly notified the officers that Groesbeck had a handgun, and that she feared for her life. The responding police officers confiscated Groesbeck's gun. Thereafter, however, the Town of Ramapo Police Department allegedly returned the firearm to Groesbeck after learning that [*2]he was a retired police officer, and did so even though Groesbeck was not licensed to possess the gun in the State of New York. On October 21, 2015, Groesbeck used the gun to fatally shoot the decedent, and subsequently took his own life. Thereafter, the plaintiff, in her capacity as the administrator of the decedent's estate, commenced this action against, among others, the Town of Ramapo, to recover damages for personal injuries and wrongful death.
In an order dated October 4, 2019, the Supreme Court, inter alia, denied that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as against it. In an order dated October 31, 2019, the court, among other things, denied that branch of the Town's motion which was to compel disclosure of the decedent's communications which were not to, from, or about the Town of Ramapo Police Department. We affirm both orders insofar as appealed from.
The Supreme Court properly denied that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Contrary to the Town's contention, it was not entitled to judgment as a matter of law based upon the governmental function immunity defense. Government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general (see Valdez v City of New York, 18 NY3d 69, 76-77; McLean v City of New York, 12 NY3d 194, 203). Here, contrary to the Town's contention, the return of the firearm to Groesbeck was not a discretionary function. Groesbeck did not, inter alia, produce a license to possess the gun in the State of New York, and did not produce the proper identification under the Law Enforcement Officers Safety Act (LEOSA) (see 18 USC § 926C). Thus, returning the confiscated firearm to Groesbeck was a ministerial act, envisioning direct adherence to governing rules or standards (see Tango v Tulevech, 61 NY2d 34, 41), which, under the circumstances, clearly required the Town to withhold the gun from Groesbeck.
Furthermore, the Town was not entitled to summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not owe a special duty to the decedent. "[A]lthough a municipality owes a general duty to the public at large to furnish police protection, this does not create a duty of care running to a specific individual sufficient to support a negligence claim, unless the facts demonstrate that a special duty was created" (Valdez v City of New York, 18 NY3d at 75). To establish that a municipality created a special relationship by voluntarily assuming a duty, a plaintiff must show: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) the party's justifiable reliance on the municipality's affirmative undertaking (see id.; Cuffy v New York, 69 NY2d 255, 260).
Here, the evidence demonstrated the existence of triable issues of fact as to whether the Town, through its police officers, voluntarily assumed a duty on behalf of the decedent when they confiscated Groesbeck's gun in response to the decedent's alleged report that Groesbeck had physically assaulted her. Considering the alleged circumstances under which Groesbeck's gun was confiscated, there were triable issues of fact as to whether harm to the decedent was foreseeable upon return of the gun to Groesbeck, and whether the decedent justifiably relied upon the Town's continued withholding of the gun from Groesbeck. It is undisputed that there was direct contact between the Town's police officers and the decedent during the prior domestic incident.
The Town was not entitled to summary judgment dismissing the complaint insofar as asserted against it on the ground that Groesbeck's shooting of the decedent was an intervening act that severed the causal connection between the Town's alleged negligence in returning the gun to Groesbeck, and the injuries and death to the decedent (see Kush v Buffalo, 59 NY2d 26, 33; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Ingrassia v Lividikos, 54 AD3d 721). An intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act occurring is the very same risk which renders the actor negligent (see Derdiarian v Felix Contr. Corp., 51 NY2d at 316). Considering the circumstances under which the Town's police officers confiscated the gun from Groesbeck, there exists a triable issue of fact as to whether it was reasonably foreseeable that Groesbeck would use the returned firearm to injure or kill the decedent.
Furthermore, the Supreme Court properly denied that branch of the Town's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for conscious pain and suffering premised upon preimpact terror insofar as asserted against it. The evidence submitted by the parties raises triable issues of fact as to whether the decedent, who was shot twice in the front of her body, perceived the likelihood of grave injury or death before she was shot, and suffered emotional distress as a result (see Matter of 91st St. Crane Collapse Litig., 154 AD3d 139, 153; Keenan v Molloy, 137 AD3d 868).
Finally, contrary to the Town's contention, the Supreme Court providently exercised its discretion in denying that branch of its motion which was to compel the plaintiff to disclose the decedent's communications which were not to, from, or about the Town of Ramapo Police Department, since those demands were overbroad, burdensome, and sought irrelevant information (see Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1396; Diaz v City of New York, 117 AD3d 777).
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court