Krehl v Siberio (2024 NY Slip Op 03420)

Krehl v Siberio

2024 NY Slip Op 03420

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-05425
 (Index No. 622514/17)

[*1]Elisa Krehl, etc., appellant, 
v
William Siberio, et al., respondents.

Keegan & Keegan, Ross & Rosner, LLP, Patchogue, NY (Jamie G. Rosner of counsel), for appellant.
Smith Mazure, P.C., New York, NY (Louise M. Cherkis of counsel), for respondent William Siberio.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Michael P. Coughlin of counsel), for respondents County of Suffolk, Suffolk County Police Department, and Anthony W. Mills.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated June 2, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendant William Siberio and the defendants County of Suffolk, Suffolk County Police Department, and Anthony W. Mills which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
On February 23, 2017, at approximately 2:34 a.m., on the County Route 80 section of Montauk Highway located in Suffolk County, a vehicle driven by the plaintiff's decedent collided with the rear of a tractor-trailer parked on the shoulder of the highway, which tractor-trailer was owned and operated by the defendant William Siberio. The collision resulted in the death of the decedent. 
The plaintiff commenced this action against Siberio and the defendants County of Suffolk, Suffolk County Police Department, and Police Officer Anthony W. Mills seeking to recover damages for the personal injuries and wrongful death of the decedent. The plaintiff alleged that the decedent was fatally injured due to the negligence of the defendants. Siberio moved, and the County, the Suffolk County Police Department, and Mills (hereinafter collectively the County defendants) separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the defendants' motions. The plaintiff appeals.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case [*2]of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; De Castillo v Sormeley, 140 AD3d 918, 918). However, there can be more than one proximate cause of an accident (see Cox v Nunez, 23 AD3d 427, 427), and a defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (see Suris v Citiwide Auto Leasing, Inc., 145 AD3d 817, 817-818; Boulos v Lerner-Harrington, 124 AD3d 709, 709). "Although the issue of proximate cause is generally one for the finder of fact, 'liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes'" (Castillo v Amjack Leasing Corp., 84 AD3d 1298, 1298 [internal citation omitted], quoting Ely v Pierce, 302 AD2d 489, 489).
The Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, transcripts of the deposition testimony of Siberio and Mills, a police accident report, a toxicology report that was part of the decedent's autopsy report, and a crash data retrieval report from the decedent's vehicle. The evidence demonstrated that at the time of the accident, Siberio's tractor-trailer was parked on the shoulder of the highway outside of the highway's travel lanes, under a streetlight, with its parking lights and flashers activated, and could be seen from a distance. At the time the decedent's vehicle collided with the rear of the tractor-trailer, the decedent was intoxicated, his vehicle was traveling at 72 miles per hour, and he had not applied his brakes in the eight seconds prior to the collision. Moreover, no skid marks were found at the accident scene. There was also evidence that the tractor-trailer was equipped with a rear impact guard meant to prevent a vehicle from sliding underneath the tractor-trailer upon impact (see 49 CFR § 393.86). Thus, the evidence demonstrated that Siberio's conduct of parking his tractor-trailer on the shoulder of the road was not a proximate cause of the accident, but rather merely furnished the condition or occasion for it (see Sheehan v City of New York, 40 NY2d 496, 503; Kante v Tong Fei Chen, 176 AD3d 928, 929-930). The decedent's own actions of driving at an excessive rate of speed while intoxicated, resulting in his vehicle leaving the roadway and colliding with the rear of the tractor-trailer that was parked on the shoulder, were the sole proximate cause of the accident (see Riddell v City of New York, 209 AD3d 891, 892).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to provide evidence in support of her contention that the tractor-trailer was parked in violation of the Vehicle and Traffic Law. Moreover, the plaintiff failed to establish that Siberio's alleged violation of certain regulations by failing to utilize additional warning devices to alert other drivers of the presence of the tractor-trailer was a proximate cause of the accident (see Kante v Tong Fei Chen, 176 AD3d at 930). Contrary to the plaintiff's contentions, the Supreme Court providently exercised its discretion in refusing to consider the affidavits of two notice witnesses submitted by the plaintiff in opposition to the defendants' motions. The plaintiff failed to disclose the witnesses to the defendants as notice witnesses and did not offer a valid excuse for that failure (see CPLR 3101[a]; Gallway v Muintir, LLC, 142 AD3d 948, 949)
The County defendants also established, prima facie, their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them on an independent basis. "[A]lthough a municipality owes a general duty to the public at large to furnish police protection, this does not create a duty of care running to a specific individual sufficient to support a negligence claim, unless the facts demonstrate that a special duty was created" (Valdez v City of New York, 18 NY3d 69, 75). To establish that a municipality created a special relationship by voluntarily assuming a duty, a plaintiff must show: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) the party's justifiable reliance on the municipality's affirmative undertaking (see id. at 80; Cuffy v New York, 69 NY2d 255, 260; Santaiti v Town of Ramapo, 197 AD3d 1191, 1193).
Here, the County defendants established prima facie, that they did not owe a special duty to the decedent, in that they did not assume an affirmative duty to act on behalf of the decedent through promises or actions. In opposition, the plaintiff failed to raise a triable issue of fact (see Howell v City of New York, 39 NY3d 1006, 1008; Halberstam v Port Auth. of N.Y. and N.J., 175 AD3d 1264, 1267).
The plaintiff's remaining contentions are either not properly before this Court or without merit.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court