| |
|---|
| **Seaton v Babad** |
| 2025 NY Slip Op 31357(U) |
| April 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654196/2021 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

SIMON SEATON, DEBRA SEATON,

Plaintiff,

- v -

CHIAM BABAD, CONGREGATION KAHAL MINCHAS
CHINUCH, INC.,PARK 121 REALTY, LLC,

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654196/2021 |
| **MOTION DATE** | 02/13/2025, 02/14/2025, 02/24/2025 |
| **MOTION SEQ. NO.** | 012 013 014 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 012) 309, 310, 311
were read on this motion to/for _____ APPOINT - FIDUCIARY _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 312, 313, 314, 315, 316, 317
were read on this motion to/for _____ CONTEMPT _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 014) 328, 329, 330, 331, 335
were read on this motion to/for _____ REARGUMENT/RECONSIDERATION _____ .

Upon the foregoing documents, Ariel E. Belen, Esq. (the **Receiver**)'s motion (Mtn. Seq. No.

012) to approve the appointment and retention of Angela L. Ortiz as special real estate broker for

the purpose of renting out a currently vacant unit and any future vacant units of 1741-1745 Park

Avenue, New York, NY (the Premises) is GRANTED as unopposed.

The Receiver's motion (Mtn. Seq. No. 013) for contempt is GRANTED as unopposed. Chiam

Babad, Congregation Kahal Minchas Chinuch, Inc. and Park 121 Realty, LLC (the **Defendants**)

have willfully and contumaciously failed to turn over all items and documents requested by the

654196/2021   SEATON, SIMON ET AL vs. BABAD, CHIAM ET AL
Motion No.  012 013 014

Page 1 of 4

[* 1]

Receiver, including all keys, rental payments, rents, tenant security deposits, papers, receipts, leases, subleases, utility bills, and/or contracts and agreements pertaining to the Premises. Thus, a finding of civil contempt on this record is warranted. If they fail to turn over the foregoing and to provide complete and unfettered access to the Premises by May 16, 2025 to the Receiver, they shall also be required to pay a $250 fine.

The Defendants' motion (Mtn. Seq. No. 014) to renew and reargue the Court's prior Decision and Order (the **Prior Decision**; NYSCEF Doc. No. 330), dated January 23, 2025 is DENIED.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and shall contain reasonable justification for the failure to present such facts on the prior motion." (CPLR § 2221[e]). Although motions to renew are addressed to the court's sound discretion (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992]), such motions should be "granted sparingly" and are not a second chance for parties who have not exercised due diligence submitting facts in the prior motion (*Beiny v Wynyard (In re Beiny)*, 132 AD2d 190, 209-210 [1st Dept 1987]).

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR § 2221[d]). Reargument is not intended "to afford the unsuccessful party successive opportunities to reargue issues previously decided or to present arguments different from those originally asserted" (*Haque v Daddazio*, 84 AD3d 940, 242 [2d Dept 2011]; *Foley v Roche*, 68 AD2d 558 [1st Dept 1979]).

654196/2021   SEATON, SIMON ET AL vs. BABAD, CHIAM ET AL
Motion No.  012 013 014

Page 2 of 4

Simply put, reargument "does not afford another bite of the apple" (*Weaver v. Weaver*, 198 AD3d 1140, 1144 [3d Dept 2021]).

In short, the Defendants entirely fail to establish the requirements for renewal or reargument and seek only to be afforded another bite at the apple with respect to their arguments that the underlying motion was premature and procedurally improper, both of which the Court considered in the Prior Decision and found unavailing (NYSCEF Doc. No. 330 at 4). As such, the motion is denied.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby

ORDERED that the Receiver's motion (Mtn. Seq. No. 012) to approve the appointment and retention of Angela L. Ortiz as special real estate broker is GRANTED; and it is further

ORDERED that the Receiver's motion (Mtn. Seq. No. 013) for contempt is GRANTED solely to the extent set forth above; and it is further

ORDERED that the Receiver may email Part 53 (SFC-Part53@nycourts.gov) as to such further non-compliance and the Court shall issue a supplemental order; and it is further

[* 3]

ORDERED that the Receiver shall submit a judgment on notice for the Receiver's legal fees and

costs in prosecuting this motion; and it is further

ORDERED that the Defendants' motion (Mtn. Seq. No. 014) to renew and reargue is DENIED.

20250416134453AB0RR0KE17D5D1CA127ABBC885A76E47805C919

__4/16/2025__
DATE

ANDREW BORROK, J.S.C.

CHECK ONE:

☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☐ DENIED    ☒ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**654196/2021   SEATON, SIMON ET AL vs. BABAD, CHIAM ET AL**
**Motion No. 012 013 014**

**Page 4 of 4**

4 of 4

[* 4]