Greehy v County of Suffolk (2026 NY Slip Op 01343)

Greehy v County of Suffolk

2026 NY Slip Op 01343

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-06873
 (Index No. 613177/18)

[*1]Susan Greehy, et al., appellants, 
vCounty of Suffolk, et al., defendants, Town of Brookhaven, et al., respondents.

TonaLaw, P.C., Islip, NY (Raafat S. Toss of counsel), for appellants.
Devitt Spellman Barrett, LLP, Hauppauge, NY (Christi M. Kunzig of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for wrongful death and conscious pain and suffering, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated June 5, 2024. The order, insofar as appealed from, upon reargument, in effect, adhered to a prior determination in an order of the same court dated December 29, 2023, granting that branch of the motion of the defendants Town of Brookhaven and Town of Brookhaven Highway Department which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering insofar as asserted against them.
ORDERED that the order dated June 5, 2024, is reversed insofar as appealed from, on the law, with costs, and upon reargument, so much of the order dated December 29, 2023, as granted that branch of the motion of the defendants Town of Brookhaven and Town of Brookhaven Highway Department which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering insofar as asserted against them is vacated, and thereupon, that branch of that motion is denied.
The plaintiffs, as co-administrators of the estate of John P. Greehy (hereinafter the decedent), commenced this action against the defendants Town of Brookhaven and Town of Brookhaven Highway Department (hereinafter together the Town defendants), among others, alleging that a stop sign was obstructed, causing the decedent, a motorcyclist, to fatally collide with a motor vehicle operated by the defendant James P. Conner. The plaintiffs asserted causes of action to recover damages for wrongful death and conscious pain and suffering.
The Town defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. In an order dated December 29, 2023, the Supreme Court, inter alia, granted the Town defendants' motion. In so doing, the court determined that the Town defendants established their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, and stated that "[n]o papers were filed in opposition to [that] motion."
The plaintiffs moved, among other things, for leave to reargue their opposition to the [*2]Town defendants' motion. In support of their motion, the plaintiffs asserted that the Supreme Court had "overlooked" that they actually had served and filed timely opposition papers to the Town defendants' motion. Thus, the plaintiffs asserted that "the arguments made in their timely opposition papers should be fully considered." As is relevant to this appeal, in those opposition papers, the plaintiffs had argued, in pertinent part, that the Town defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for conscious pain and suffering insofar as asserted against them.
In an order dated June 5, 2024, the Supreme Court determined that the plaintiffs had "shown that the [c]ourt overlooked their arguments as their opposition papers were not considered in the prior determination." Thus, the court granted the plaintiffs leave to reargue their opposition to the Town defendants' motion. Upon reargument, the court, inter alia, in effect, denied that branch of the Town defendants' motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death insofar as asserted against them, determining that the "plaintiffs' submissions in opposition" to the Town defendants' motion "raise[d] an issue of fact" as to whether the Town defendants were at fault in the happening of the accident. However, the court, in effect, adhered to its prior determination granting that branch of the Town defendants' motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering insofar as asserted against them. The plaintiffs appeal.
"[W]hile a plaintiff bears the ultimate burden of proof at trial on the issue of conscious pain and suffering, on a motion for summary judgment the defendant bears the initial burden of showing that the decedent did not endure conscious pain and suffering" (Mazella v Hauser, 142 AD3d 1055, 1056 [internal quotation marks omitted]; see Kevra v Vladagin, 96 AD3d 805, 806; Haque v Daddazio, 84 AD3d 940, 941). A cause of action to recover damages for conscious pain and suffering may be predicated upon a claim of preimpact terror, in that "the decedent perceived grave injury or death" prior to their death (Phiri v Joseph, 32 AD3d 922, 923; see Santaiti v Town of Ramapo, 197 AD3d 1191, 1194; Vargas v Crown Container Co., Inc., 155 AD3d 989, 993).
Here, the Supreme Court's determination that the Town defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for conscious pain and suffering insofar as asserted against them was based on the deposition testimony of Brian Hickey, which the Town defendants submitted in support of their motion. Hickey heard the collision and arrived at the accident scene approximately 45 to 60 seconds later. Contrary to the court's determination, Hickey's testimony that the decedent was unresponsive at the time he arrived, approximately 45 to 60 seconds after the impact, without more, is insufficient to establish, prima facie, that the decedent did not consciously suffer in the moments preceding, during, and in the approximately 45 to 60 seconds immediately following the collision (see Mazella v Hauser, 142 AD3d at 1056; Kevra v Vladagin, 96 AD3d at 806; Haque v Daddazio, 84 AD3d at 941). Accordingly, upon reargument, that branch of the Town defendants' motion which was for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering insofar as asserted against them should have been denied, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiffs' remaining contentions are without merit.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court